## IN THE COURT OF APPEALS OF IOWA

No. 15-0711
Filed October 12, 2016

**RONNIE SANDERS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Webster County, Thomas J. Bice,

Judge.

        The defendant appeals from the district court's dismissal of application for

postconviction relief.  **AFFIRMED.**

        Edward W. Bjornstad of Bjornstad Law Office, Spirit Lake, for appellant.

        Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant

Attorney General, for appellee State.

        Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Ronnie Sanders appeals from the district court's dismissal of his application for postconviction relief (PCR). Sanders maintains the district court was wrong to dismiss his application because he established that he received ineffective assistance from trial counsel. Sanders asserts he would have accepted the offer to plead to a "C" felony rather than going to trial on the "B" felony count with which he was charged if his attorney had explained the agreement to him.

Although PCR proceedings are generally reviewed for correction of errors at law, we review alleged constitutional violations de novo. *See Reilly v. Iowa Dist. Ct.*, 783 N.W.2d 490, 493 (Iowa 2010).

To succeed on his claim of ineffective assistance, Sanders has the burden to establish both that his counsel breached an essential duty and prejudice resulted. *See Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012). We may affirm if either element is lacking. *Id.* The essential-duty prong requires the applicant to prove counsel performed below the standard of a reasonably competent attorney; we start from the presumption that counsel performed competently. *Id.* As here, where the applicant claims they would have accepted a plea agreement but for counsel's failure, to establish prejudice the applicant "must show the outcome of the plea process would have been different with competent advice." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) (citing *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012)). In order to do so, Sanders must demonstrate:

(1) "a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel"; (2) "a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law"; and (3) "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."

*See id.* at 869 (alteration in original) (quoting *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012)). "In establishing a reasonable probability a claimant would have accepted the earlier plea offer had he or she received effective assistance of counsel, a claimant must proffer more than his or her own subjective, self-serving testimony." *Id.*

At the PCR hearing, Sanders testified that he would have accepted the State's second plea offer if his attorney had explained the agreement to him, if he understood the possible maximum sentence he could receive if he went to trial, and if he knew about the special sentence that attached to a conviction for sexual abuse in the second degree. When asked what he had to offer to show that he would have accepted the agreement, Sanders testified:

> Well, because if I would have known—It's just really pretty simple math. I mean, if I would have known I was going to have to end up doing almost eighteen years to be eligible for parole versus anywhere between four and seven years, depending on what kind of "C" Felony that it was going to be, then I mean that's kind of a pretty simple choice.

Here, the PCR court found the testimony of Sanders' trial counsel more credible than the testimony of Sanders. At the hearing, trial counsel testified that he did communicate with Sanders regarding the plea agreement, and he remembered feeling frustrated that Sanders was so unwilling to consider it. Additionally, trial counsel had made a record before trial accurately listing the possible plea

agreement and asking Sanders, "I just want to confirm on the record that you are not interested in that offer and you have rejected it and you want to go to trial on Tuesday. Is that correct?" Sanders confirmed that it was.

Upon our de novo review, Sanders has not established that counsel breached an essential duty. Trial counsel testified credibly that he had discussed the plea agreement with Sanders before making the record of his refusal. As the PCR court found:

> [Trial counsel] fulfilled his obligation to communicate with this client about the pending plea bargain and to explain to him the pros and cons of accepting or rejecting such an offer. It is not for defense trial counsel to "handicap" the odds of success but rather to explain the options at hand and allow the client to make an informed decision. That is exactly what happened here.

We affirm.

**AFFIRMED.**